# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MRI ASSOCIATES OF ST. PETE, INC.,**

    **Plaintiff,**

v.                                            Case No. 8:10-cv-815-T-30TGW

**ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff MRI Associates of St. Pete, Inc.'s ("MRI") Motion to Remand (Dkt. 10) and Defendant Allstate Property & Casualty Insurance Company's ("Allstate") Response in opposition (Dkt. 13). A hearing was held on the motion on September 1, 2010.

On March 2, 2010, MRI filed a six count complaint in Florida state court. The first three counts asserted class action claims for declaratory and injunctive relief and an individual claim for damages.[1] MRI alleges that Allstate underpaid certain medical bills by failing to pay claims based on the mandatory "reasonable amount" methodology required by Fla. Stat. § 627.736(1)(a) and (5)(a) and the terms of Allstate's personal injury protection ("PIP") insurance policies. The reasonable rate methodology requires payment of claims at

---

[1] The second three counts, brought in the alternative, asserted "sub-class action" claims for declaratory relief, injunctive relief, and damages.

80% of the reasonable rate of that claim. MRI further asserts that Allstate incorrectly paid claims based on the lower alternative permissive rate methodology described in Fla. Stat. § 627.736(5)(a)2a through f, without explaining this in its insurance policies. The purported class consists of all providers who receive reimbursement based on the lower permissive rate methodology rather than higher "reasonable rate" plan.

On April 7, 2010, Allstate filed a notice of removal. MRI then filed the motion to remand on April 22, 2010. The parties dispute whether the amount in controversy exceeds $5,000,000 as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In support of the notice of removal, Allstate submitted the affidavit of Baraba Norton, a Claims Senior Manager at Allstate. In her affidavit, Norton calculated the amount in controversy as the difference between the total amount billed by the class members from January 1, 2008 until March 19, 2010 and the total allowed amount of payment of those bills based on the permissive rate schedule.

MRI argues that this calculation is too speculative because there is no way to determine the "reasonable rates" under the statute at this time. Allstate asserts that the total amounts billed by each class member could be determined to be reasonable rates under the statute, and in fact, are presumed to be the reasonable rates by the class members who made those claims. At the hearing, Allstate calculated the amount in controversy to exceed $19,000,000 (the difference between 80% of the total amount billed and the total allowed amount for payment of those bills).

CAFA provides that federal courts "have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir.2006). After the hearing, the Court is satisfied that Plaintiff's claims exceed $5,000,000.

However, one of the standard requirements for removal is that the case be such that it could have been filed in federal district court with original jurisdiction in the first place. See 28 U.S.C. § 1441(a). This case could have been filed here originally but for the recent decision in *Cappuccitti v. DirecTV, Inc.*, 611 F.3d 1252 (11th Cir. Ga. 2010). *Cappuccitti* holds that for a CAFA action to be brought originally in federal court, at least one plaintiff must allege an amount in controversy that satisfies the $75,000 amount in controversy requirement provided in 28 U.S.C. § 1332(a). This Court is bound by *Cappuccitti*, even if it causes conflict with the statute. The Court has been informed that both parties in *Cappuccitti* have petitioned for a rehearing *en banc* but have not yet received a ruling. Therefore, MRI's Motion for Remand will be stayed pending the Eleventh Circuit's final decision in *Cappuccitti*.

It is therefore ORDERED AND ADJUDGED that:

1. This action is **STAYED** pending a final ruling in *Cappuccitti v. Directv, Inc.*
2. The parties are directed to notify this Court within ten (10) days of the final ruling in *Cappuccitti*.

    3.    The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 14, 2010.

                                                    JAMES S. MOODY, JR.
                                                   UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-815.stay remand 10.frm